```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

JEFFREY HORTON,
NORMAN A. PARADA,
JAMES A. MCKEIGHAN

                              Plaintiffs,

        v.                                    CASE NO.07-3183-SAC

EVERCOM INC., et al.,

                              Defendants.


**O R D E R**

    This matter is before the court on a civil complaint filed by three prisoners confined in a facility operated by the Corrections Corporation of America in Leavenworth, Kansas. All plaintiffs signed the complaint. The $350.00 district court filing fee required by 28 U.S.C. § 1914 has not been paid.

    Because plaintiffs are prisoners, the restrictions imposed by the Prison Litigation Reform Act (PLRA) apply to actions they file seeking relief in federal court. One such requirement is that a prisoner must pay the full district court filing fee. 28 U.S.C. § 1915(b)(1). Courts examining the impact of multiple plaintiffs on this statutory requirement have decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action, and have held that each prisoner plaintiff must pay the full district court filing fee.

    In <u>Boriboune v. Berge</u>, 391 F.3d 852 (7th Cir. 2004), the Seventh Circuit examined and applied the federal rule allowing permissive joinder of parties, Fed.R.Civ.P. 20, and concluded that

plaintiffs must be permitted to join together in a single action if appropriate under that rule, but that each prisoner plaintiff in that action must pay the full district court filing fee. Id. at 854-56.

In Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001), the Eleventh Circuit found the mandatory provision in the PLRA essentially repealed the permissive language in the earlier adopted federal rule, and concluded that each prisoner plaintiff must proceed in a separate action. Id. at 1196-98. Severance of an action filed by more than one prisoner plaintiff also honored the directive in 28 U.S.C. § 1915(b)(3) that "[i]n no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action." Id. See also Lilly v. Ozmint, 2007 WL 2021874, *1 (Slip Copy)(D.S.C. July 6, 2007)(following Hubbard and severing prisoner plaintiffs); Ray v. Evercom Systems Inc., 2006 WL 2475264, **5-6 (Slip Copy)(D.S.C. Aug. 25, 2006)(same).

The Tenth Circuit Court of Appeals has not yet decided this issue. See Woodruff v. Wyoming, 49 Fed.Appx. 199, *202 FN1, 2002 WL 31243550, **2 (10th Cir. 2002).

This court agrees that each plaintiff in the instant action should pay the full $350.00 district court filing fee. The court also is persuaded that the Hubbard approach to an action filed by multiple prisoner plaintiffs is more suited to the realities of prisoner litigation. See Pinson v. Whetsel, 2007 WL 428191 (Slip Copy)(W.D.Okl. Feb. 1, 2007)(discussing difficulties if joinder of prisoner plaintiffs permitted). See also Osterloth v. Hopwood, 2006 WO 337505 **3-5 (Slip Copy)(D.Mont. Nov. 15, 2006)(applying Hubbard

2

and criticizing <u>Boriboune</u>).

Accordingly, the court finds it appropriate to sever this matter into three separate actions in which each plaintiff proceeds on his own and is responsible for the full $350.00 district court filing fee. The court dismisses plaintiffs Parada and McKeighan in the instant matter, and directs the clerk's office to open two new complaints naming Norman A. Parada and James A. McKeighan as the sole plaintiff in each case. The motion for permissive joinder signed by all three plaintiffs in the instant action is denied.

The court will address each plaintiff's pending motion for leave to proceed in forma pauperis by an order entered in their respective cases. Because severance of the parties is being done pursuant to the court's motion, each plaintiff is granted an opportunity to voluntarily dismiss their separate case without a fee obligation if he no longer wishes to continue as the sole plaintiff in a separate complaint. If one or more plaintiffs choose to proceed on their own separate complaints, future consolidation of the separate actions may be warranted for efficient judicial management of similar claims.

IT IS THEREFORE ORDERED the plaintiffs Parada and McKeighan are dismissed from the instant complaint.

IT IS FURTHER ORDERED that the clerk's office is to open separate cases for plaintiffs Parada and McKeighan with a copy of the complaint from the instant case, and to place copies of all pertinent filings from this case in the new cases which are to be assigned to the undersigned judge.

IT IS FURTHER ORDERED that plaintiffs' motion for permissive joinder (Doc. 5) is denied.

IT IS FURTHER ORDERED that plaintiff Horton is granted thirty (30) days to voluntarily dismiss the complaint if he does not wish to proceed as the sole plaintiff in this matter.

**IT IS SO ORDERED.**

DATED:  This 2nd day of January 2008 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge